UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA
(Rural Development)

    Plaintiff

v.

FAJARDO MUFFLER SHOP, INC.,
PEDRO L. TORRES DE JESUS, also
known as PEDRO LUIS TORRES DE
JESUS and EVA ROSARIO FUENTES,
and the conjugal partnership
constituted by both

    Defendants

CIVIL NO. 98-2260 (RLA)

FORECLOSURE OF MORTGAGE



## JUDGMENT BY DEFAULT

Upon plaintiff's motion for judgment, and it appearing from the records on file in this proceeding that default was entered by the Clerk of this Court upon defendants FAJARDO MUFFLER SHOP, INC., PEDRO L. TORRES DE JESUS, also known as PEDRO LUIS TORRES DE JESUS and EVA ROSARIO FUENTES, and the conjugal partnership constituted by both, for failure to answer or otherwise plead in this case, against which defendants the plaintiff is entitled to a Judgment by Default, and the Court being fully advised in the premises, hereby

ORDERS, ADJUDGES, AND DECREES:

1. On March 19, 1982, Fajardo Muffler Shop, INC. represented by its President, Pedro L. Torres de Jesús, also known as Pedro Luis Torres de Jesús, and his wife Eva Rosario Fuentes, and the conjugal partnership constituted by both, received from the United States of America, through the Small Business Administration, as

USA v. Fajardo Muffler Shop, Inc., et als.
Civil No. 98-2260 (RLA)
Page 2

agency of the United States of America, a secured loan evidenced by a note of said date which was executed in the principal sum of $75,000.00, payable to the order of said bank or its order, with interest thereon at the rate of 15 1/4 per annum. A full disbursement of $75,000.00 was made to Corporation on March 19, 1982.

2. That for the purpose of securing the payment for the principal of said note, plus interest at the rate of 15 1/4% per annum, defendants PEDRO L. TORRES DE JESUS, also known as PEDRO LUIS TORRES DE JESUS and EVA ROSARIO FUENTES, and the conjugal partnership constituted by both, he signing by himself and as president of FAJARDO MUFFLER SHOP, INC., executed an unlimited personal guaranty secured by a real property mortgage described below, on March 19, 1982, deed number 24 before Notary Public Alberto Balzac Colom constituting a First Mortgage for $50,000.00 over said property.

The mortgaged real property is described as follows:

> A. URBANA: Solar radicado en el Barrio Mameyes de Luquillo, con Una cabida de Trescientos Setenta Punto Veintisiete Metros Cuadrados. En lindes por el Norte, en treinta y tres punto cincuenta metros, con terrenos de la Administración de Terrenos; por el Sur, en veintisiete punto veinte metros, con terrenos de la Sucesión Eustaquio Rosario; por el Este, en trece punto setenta y tres metros, con la Carretera Estatal número Tres; y por el Oeste, en doce punto veinte metros con el Río Mameyes.

Case 3:98-cv-02260-RLA    Document 18    Filed 12/20/2002    Page 3 of 6

USA v. Fajardo Muffler Shop, Inc., et als.
Civil No. 98-2260 (RLA)
Page 3

Plaintiff's first mortgage for $50,000.00 is recorded at page 191, volume 155 of Luquillo, property number 8671, 3rd inscription at the Registry of the Property of Fajardo, Puerto Rico.

Plaintiff is the lawful owner of the promissory note described herein above.

3. That in order to induce Small Business Administration to make a loan for $75,000.00 to Corporation, Fajardo Muffler Shop, Inc., Pedro L. Torres de Jesús, also known as Pedro Luis Torres de Jesús, and Eva Rosario Fuentes, executed an unconditional guaranty on SBA Form 148 dated March 15, 1982, whereby he guaranteed jointly and severally to said institution the due and punctual payment whether by acceleration or otherwise, of the principal and interest and all other sums payable with respect to the note of the debtor, Fajardo Muffler Shop, Inc.

4. The defendants herein owners of record of this property have failed to comply with the terms and conditions of the mortgage contract and have refused to pay the stipulated monthly installments, in spite of plaintiff's demands and collection efforts.

5. According to the terms and conditions of the mortgage contract if default is made in the payment of an installment under the note, and said default is not made good prior to the due date of the next installment, the entire principal sum and accrued

USA v. Fajardo Muffler Shop, Inc., et als.
Civil No. 98-2260 (RLA)
Page 4

interest shall at once become due and payable at the option of the holder.

6. The defendants' indebtedness with the plaintiff is:

    a) $22,940.41 of aggregate principal;

    b) $6,995.25 of interest accrued as of March 25, 1996, and thereafter until its full and total payment, which interest amount increases at the daily accrual rate of $6.29, plus costs, disbursements and attorneys fees due to the date of sale.

7. Defendants, as debtors of the amounts prayed for in the complaint, are hereby ORDERED AND ADJUDGED to pay unto the plaintiff the amounts specified and set forth in the preceding paragraph 6.

8. In default of the payment of the sums herein specified or of any part thereof within the ten (10) days from the date of entry of this judgment, said property shall be sold by the Marshal of this Court at public auction to the highest bidder thereof, without an appraisement or right of redemption for the payment and satisfaction of plaintiff's mortgage within the limits secured thereby.

9. The Marshal of this Court shall make the sale hereinabove mentioned in accordance with 28 U.S.C. Section 2001 and Section 2002 and the applicable provisions of the Commonwealth of Puerto Rico Mortgage Law. The notice of sale shall be published in a

USA v. Fajardo Muffler Shop, Inc., et als.
Civil No. 98-2260 (RLA)
Page 5

newspaper of general circulation once a week during four (4) consecutive weeks. The amount of $75,000.00 shall serve as the minimum bid for the first public sale. Should the first public sale fail to produce an award or adjudication, two-thirds of the aforementioned amount shall serve as the minimum bid for the second public sale. Should there be no award or adjudication at the second public sale, the basis for the third sale shall be one-half of the amount specified as minimum bid for the first public sale. The Marshal of this Court shall proceed to issue the corresponding notice of sale to be published in a newspaper of general circulation without the need of further orders or writs from this Court. Such sale shall be subject to the confirmation of this Court. Upon confirmation the Marshal shall execute the corresponding deed of judicial sale to the purchaser and he shall be entitled to the delivery of the property sold and its physical possession, in accordance with law. Said possession may be obtained through eviction of the occupant of the property without the need of further order of this Court if executed within sixty (60) days from the confirmation of the public sale.

10. Any funds derived from the sale to be made in accordance with the terms of this judgment and such further orders of this Court shall be applied as follows:

    a) To the payment of all proper expenses attendant upon

USA v. Fajardo Muffler Shop, Inc., et als.
Civil No. 98-2260 (RLA)
Page 6

said sale;

  b) To the payments of that part of the indebtedness owed to the plaintiff in the same order and for the amounts specified, and set forth in the preceding paragraph 6;

  c) If after making the above payments there shall be surplus, said surplus shall be delivered to the Clerk of this Court, subject to further orders of the Court;

  d) In the case the proceeds from the said sale are not sufficient to cover the full amounts owing to the plaintiff, the plaintiff shall be entitled to a deficiency judgment against the defendants and shall have execution therefor.

11. The Property Registrar of the corresponding Property Registry of Puerto Rico shall proceed to the recording of the judicial sale deed in favor of the purchaser, free of any liens subsequent to the date of the execution of the foreclosed mortgage.

12. Plaintiff in these proceedings may apply to this Court for such further orders as it may deem advisable to its interest in accordance with the terms of this Judgment and the Clerk shall proceed to issue of course all necessary writs to enforce and execute the same. Fed.R.Civ.P. 77(a)

In San Juan, Puerto Rico, this 14th day of November, 1999.

RAYMOND L. ACOSTA
UNITED STATES DISTRICT JUDGE