FℓC

# UNITED STATES DISTRICT COURT FOR THE
# DISTRICT OF PUERTO RICO

Pramco II, LLC (formerly
UNITED STATES OF AMERICA
(Small Business Administration),

        Plaintiff,

        Vs.

FAJARDO MUFFLER SHOP, INC.
PEDRO L. TORRES DE JESUS, also
Known as PEDRO LUIS TORRES DE
JESÚS AND EVA ROSARIO FUENTES
and the conjugal partnership
constituted by both

        Defendants.

CIVIL NO. 98-2260 RLA

FORECLOSURE OF MORTGAGE



## ORDER OF EXECUTION

Upon the motion filed by plaintiff herein for the execution of the judgment entered
by this Court on November 18, 1999 and it appearing from the records of this Court and
from plaintiff's motion that the defendant(s) failed to pay to the plaintiff the sums of
money adjudged to be paid under the said judgment, Twenty Two Thousand Nine
Hundred Forty Dollars and Forty One Cents ($22,940.41) in principal, Six Thousand
Nine Hundred Ninety Five Dollars and Twenty Five Cents ($6,995.25) in accrued
interest as of March 25, 1996, plus further interest after that date at the daily accrual
rate of $6.29, the mortgage subject to which Judgment has been reduced to a total
amount of $25,100.00 as of December 11, 2000 plus interest at 10.00% as per 11
U.S.C. §§ 506(a) and 1325(a)(5)(B)(ii) in case no. 00-14099 (GAC) before the U.S.
Bankruptcy Court for the District of Puerto Rico.

3

20

And it appearing further that more than ten days have elapsed from the entry of judgment.

IT IS HEREBY DESIGNATED and IT IS HEREBY ORDERED that the United States Marshal appointed by the Court, proceed forthwith and sell at public auction to the highest bidder, the properties referred to and described in the Judgment and mentioned in the Complaint, in the manner and form provided in said Judgment and as herein further provided.

1.     The mortgage constituted by Pedro L. Torres de Jesus and Eva Rosario Fuentes, by deed number 24 before Notary Public Alberto Balzac Colon at San Juan, Puerto Rico, on March 19, 1982, securing a mortgage note in the amount of $75,000.00, payable to the order of U.S. Small Business Administration is a valid and subsisting mortgage and constitutes a lien prior to the estate or interest of the defendants in the above cause, in the mortgaged premises, as described in paragraph 4(a) of the complaint on file in the above cause, to wit:

> ---A:   "URBANA: Solar radicado en el Barrio Mameyes de Luquillo, con una cabida de Trescientos Setenta Punto Veintisiete Metros Cuadrados. En lindes por el Norte, en treinta y tres punto cincuenta metros, con terrenos de la Administración de Terrenos; por el Sur, en veintisiete punto metros,  con terrenos de la Sucesión Eustaquio Rosario; por el Este, en trece punto setenta y tres metros, con la Carretera Estatal número Tres; y por el Oeste, en doce punto veinte metros con el Río Mameyes.-
> ----------------------------------------------------------

> --- Inscrita al folio Ciento Noventa, del tomo Ciento Cincuenta y cinco de Luquillo, finca número Ocho mil Seiscientos Setenta y uno del Registro de la Propiedad de Humacao.

(a)    The sale to be made by the Marshal of this Court appointed herein shall be subject to the confirmation of this Court and the purchaser or purchasers thereof should be entitled to receive possession of the property sold.    The minimum bid to be accepted at the first public sale in accordance with the mortgage deed referred to is $50,000.00. The Marshal of this Court is hereby designated and appointed to make the sale hereinbefore mentioned;

(b)    Notices of sale shall be published by the United States Marshal once a week for at least four weeks prior to the date of the sale, in a newspaper printed regularly and having general circulation on the island of Puerto Rico;

(c)    The United States Marshal shall not accept in payment of the property to be sold anything but United States Currency or certified checks, except in case the property be sold and adjudicated to the plaintiff, in which case the amount of the bid made by plaintiff shall be credited and deducted form its Judgment credit; the plaintiff being count to pay in cash or certified check only any excess of its bid over the secured indebtedness then remaining unsatisfied;

(d)    The United States Marshal may, either personally or by some person designated by him to act in his name and by his authority, adjourn the sale form time to time without further publication;

(e)    Upon the confirmation of the sale by this Court, the United States Marshal shall execute and deliver a Bill of Sale of the property sold to the purchaser thereof;

(f)    Any funds derived from the sale to be made in accordance with the terms of this Judgment and such further orders of this Court shall be applied as follows:

-4-

i.   To the payment of all proper expenses attendant upon said sale, including the expenses, outlays and compensation of the Marshal of this Court appointed herein, after the said compensation and expenses shall have been fixed and approved by the Court;

ii.  To the payment of that part of the indebtedness owed to plaintiff up to the amount of $25,100.00 as of December 11, 2000 plus further interest to date of full payment at 10.00% per annum, after deduction of the expenses mentioned in the preceding subparagraph (a).

iii. If after making all the above payments there shall be a surplus, said surplus shall be delivered to the Clerk of this Court, subject to further orders of the Court.

**SO ORDERED.**

In San Juan, Puerto Rico, this  day of  January , 2003.

RAYMOND L. ACOSTA
U.S. DISTRICT JUDGE